## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

### CASE NO.:  1:18-CV-02821

SCHNEIDER ROTHMAN IP LAW GROUP,

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

**Serve at:  200 Independence Avenue SW
            Washington, DC  20201**

        Defendant.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW** Plaintiff Schneider Rothman Intellectual Property Law Group, PLLC by and through the undersigned counsel,  and for its complaint against Defendant United States Department of Health and Human  Services, alleges as follows:

### INTRODUCTION

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff.

2.      The Freedom of Information Act reflects a "profound national commitment to ensuring an open Government," and as a result, federal agencies are to "adopt a presumption in favor of disclosure." Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009).

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

3.      In 2017, Plaintiff Schneider Rothman Intellectual Property Law Group, PLLC (hereinafter, "Plaintiff") submitted a FOIA request to the Office of Civil Rights ("OCR") of the United States Department of Health and Human Services (hereinafter, "HHS" or "Defendant").

4.      As of the date of the filing of this Complaint, Defendant has utterly failed to produce records in response to Plaintiff's request and therefore has hindered Plaintiff from exercising its rights under FOIA.

5.      Because Plaintiff has exhausted all administrative remedies, it now asks this Court to enforce FOIA's guarantee of public access to agency records to ensure an accountable and open government.

6.      Specifically, Plaintiff asks this Court to declare that Defendant has violated FOIA and order Defendant to produce documents and materials responsive to Plaintiff's records request, and to assess against the Defendant the reasonable attorney fees and other litigation costs reasonably incurred by Plaintiff in seeking this declaratory judgment and obtaining these records.

## PARTIES

7.      Plaintiff Schneider Rothman Intellectual Property Law Group, PLLC is a Florida professional limited liability company with its principal place of business in Boca Raton, Florida.

8.      Defendant Department of Health and Human Services is a federal agency headquartered in Washington, DC, and is an agency within the meaning of 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1). HHS is composed of various subdivisions, including but not limited to

OCR. HHS is the federal agency responsible for applying and implementing the federal laws

and regulations at issue in this Complaint. HHS has possession and control of the records that

Plaintiff seeks, and therefore it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## JURISDICTION

9.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1331 because the resolution of disputes under FOIA presents a federal question. The Court has

authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10.     Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §

1391(b).

11.     The Court has personal jurisdiction over Defendant pursuant to 5 U.S.C. §

552(a)(4)(B), as it is an agency of the government.

12.     Accordingly, Plaintiff files this lawsuit to compel Defendant to comply with the

law and produce the properly described public records in Plaintiff's FOIA request.

## LEGAL BACKGROUND

13.     FOIA "requires the government to disclose, upon request, broad classes of

documents identified in 5 U.S.C. § 552(a)." *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146

(D.C. Cir. 2015).

14.     HHS regulations require its sub-agencies and sub-components to acknowledge all

FOIA requests in writing within ten working days of receipt. 45 C.F.R. § 5.24(a). Under further

HHS regulations, a request is considered perfected when the request has been received by the

responsible FOIA office, or in any event not later than ten working days thereafter, when the

requested records are reasonably described, and when the request contains sufficient information

to enable the FOIA office to contact the requestor and transmit the records sought. 45 C.F.R. §
5.24(b).

15.     FOIA provides that within twenty working days after the receipt of the request, an
agency must respond to the party making the request by notifying it of the agency's
determination on whether it will comply with the request and the requester's right to appeal the
agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

16.     Under *Citizens for Responsibility & Ethics in Washington v. Fed. Election
Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response not only must be provided within
twenty working days, it must provide particularized assurance of the scope of potentially
responsive records, including the scope of the records it plans to produce and the scope of
documents that it plans to withhold under any FOIA exemptions. *See also Our Children's Earth
Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015); *Martinez v.
U.S. State Dep't*, No. 3-14-1616, 2015 WL 222210, at *2 (M.D. Tenn. Jan. 14, 2015); *Cmty.
Ass'n for Restoration of the Env't, Inc. v. U.S. E.P.A.*, 36 F. Supp. 3d 1039, 1048 (E.D. Wash.
2014).

17.     5 U.S.C. § 552(a)(6)(A) states that the twenty day time limit shall not be tolled by
the agency except in two narrow scenarios. First, the agency may make one request to the
requester for information and toll the twenty day period while it is awaiting such information that
it has reasonably requested from the requester. § 552(a)(6)(A)(ii)(I). Second, agencies may toll
the statutory time limit if necessary to clarify with the requester issues regarding fee assessment §
552(a)(6)(A)(ii)(II).

18.     An agency may extend the twenty day time limit only in "unusual circumstances"
as defined by 5 U.S.C. § 552(a)(6)(B)(iii). Defendant's FOIA regulations require that where an

agency cannot meet the twenty day time limit because of "unusual circumstances," the agency must notify the requestor, in writing, of its inability to meet the deadline and provide the date by which the agency estimates processing will be completed. 45 C.F.R. § 5.24(f).

19.     The agency must then locate and make the requested records "promptly" available unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly defined FOIA exemptions listed in § 552(b). 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i).

20.     Where an agency fails to make a timely determination with respect to a perfected FOIA request, a requestor has exhausted administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C); *Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 186.

## FACTUAL BACKGROUND

21.     On August 10, 2018, Plaintiff submitted a FOIA request to Defendant's subdivision, OCR, which sought copies of certain described electronic correspondence over a specific period of time using limiting terms concerning all investigations of violations of the HIPAA Privacy Rule or HIPAA Security Rule by HCA, Inc., PARALLON BUSINESS SOLUTIONS, LLC, or any of their related entities, affiliates or facilities during the past five (5) years. Plaintiff submitted its request to OCR at the email address FOIARequest@hhs.gov and OCRmail@hhs.gov. A copy of the FOIA request to OCR is attached hereto as **Exhibit 1**.

22.     OCR responded to Plaintiff's FOIA request on August 13, 2018 via an electronic correspondence that noted that "OCR does not have a list of affiliates" for the entities named. In response, Plaintiff provided a list of affiliates as requested. A copy of the response from OCR and Plaintiff's response thereto is attached hereto as **Exhibit 2**.

23.     OCR responded by letter dated August 17, 2018, acknowledging receipt of Plaintiff's FOIA request.  A copy of OCR's letter is attached hereto as **Exhibit 3.**

24.     Plaintiff's FOIA request to OCR was perfected on the day of receipt by OCR, August 13, 2018. 5 U.S.C. § 552(a)(6)(A)(i); 45 C.F.R. § 5.24(b).

25.     In the twenty days that followed receipt of Plaintiff's request, Defendant failed to notify Plaintiff that it could not meet the twenty day statutory deadline for a response based on "unusual circumstances." Defendant also did not seek an extension, nor did it provide an alternative time period for processing the requests. 5 U.S.C. § 552(a)(6)(A)(i); 45 C.F.R. § 5.24(f).

26.     On September 13, 2018, September 17, 2018, October 9, 2018, and October 23, 2018, Plaintiff contacted the OCR FOIA Public Liaison, Deborah Peters, via email to inform her that Plaintiff had not received any records.  A copy of those emails are attached hereto as **Exhibit 4**.

27.     On October 30, 2018, Public Liaison Peters responded to Plaintiff via email stating that OCR was still searching for records.

28.     To date, Plaintiff has received no records from OCR or HHS.

29.     Defendant has unlawfully failed to provide Plaintiff with the determinations required by FOIA and HHS's governing regulations for four months. Defendant has utterly failed  in its obligation to gather and review all records requested by Plaintiff, determine and communicate the scope of the documents it intends to produce or withhold, and inform Plaintiff that it can appeal portions of the determination that are adverse.

30.     Stating  further, Defendant has not informed Plaintiff  whether any  responsive records exist, an estimate on the volume of responsive records, whether any FOIA exemptions

might apply, or whether it will supply any records to the Plaintiff. Defendant has effectively denied Plaintiff's request by failing to provide any responsive documents in the many months since the request. Defendant has not given Plaintiff a date by which responsive records will be produced.

31.     By failing to provide a determination under § 552(a)(6)(A)(i) or produce the public records, Defendant has waived any ability to now seek fees.

32.     Plaintiff has constructively and actually exhausted the administrative process on this request because of Defendant's failure to provide a determination or produce the documents. 5 U.S.C. § 552(a)(6)(A)(i).

## FIRST CLAIM FOR RELIEF
## Seeking Declaratory Judgment

33.     Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34.     FOIA requires agencies such as Defendant to timely search for and produce all records responsive to a request unless the records are lawfully exempt from production.

35.     Plaintiff submitted lawful, perfected requests for documents and public records to Defendant, which were acknowledged to have been received by Defendant nearly six months ago.

36.     Plaintiff has a statutory right to receive a determination from Defendant as to its FOIA request within the timeframes set forth in FOIA and to promptly receive any responsive records.

37.     "[U]nreasonable delays in disclosing non-exempt documents violate the intent and  purpose of the FOIA, and the courts have a duty to prevent these abuses." *Long v. IRS*, 693 F.2d  907, 910 (9th Cir. 1982).

38.     Defendant has violated FOIA by failing to make the required determinations in response to Plaintiff's FOIA request and by failing to produce records in response to the request.

39.     Plaintiff is and continues to be harmed by reason of Defendant's violation of FOIA and its unlawful withholding of records to which Plaintiff is entitled.

40.     Plaintiff asks this Court to enter a judgment declaring that:

a.      Documents specifically described in Plaintiff's FOIA request described, *supra*,  and attached as **Exhibit 1 and 2**, are subject to release under FOIA;

b.      Defendant must release those requested records or segregable portions thereof  subject to legitimate exemptions immediately;

c.      Defendant may not assess or seek costs and fees for the request at issue in this  case as Plaintiff is entitled to a waiver of their fees;

d.      For such other and further relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

41.     Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

42.     This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

43.     Plaintiff has been irreparably harmed by Defendant's failure to produce the requested documents and, absent the requested injunction, Plaintiff will continue to be irreparably harmed in the future.

44.     Plaintiff is entitled to injunctive relief compelling Defendant to produce all records in its possession responsive to Plaintiff's FOIA request, without fees, subject only to legitimate withholdings.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
BOCA RATON, FLORIDA

45.     Plaintiff asks the Court to order Defendant to produce a report that sets forth a schedule for providing the responsive documents to Plaintiff that it requested in its FOIA request, subject only to legitimate withholdings.

46.     Plaintiff asks the Court to order the Parties to consult regarding withheld documents and for Defendant to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

47.     Plaintiff re-alleges paragraphs 1-46 as if fully set out herein.

48.     Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

49.     Plaintiff is statutorily entitled to recover fees and costs incurred as a result of Defendant's refusal to fulfill the FOIA request at issue in this case. *See Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 324 (D.C. Cir. 2006).

50.     Plaintiff asks the Court to order Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Declare that Defendant has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request, and that it must release the records or segregable portions thereof immediately;

B.      Order Defendant to process Plaintiff's FOIA request immediately, and to produce

9

a report as outlined in Plaintiff's second claim for relief;

        C.      Award Plaintiff its reasonable attorney fees and litigation costs in this action,

pursuant to 5 U.S.C. § 552(a)(4)(E); and

        D.      Grant such other and further relief as the Court may deem just and proper.

Dated:  December 3, 2018           Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Joel.rothman@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff, Schneider Rothman*
*Intellectual Property Law Group, PLLC*